**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-2361-BH |
| | § | |
| **ERWIN DENTON JONES,** | § | |
| | § | |
| **Defendant.** | § | Consent Case |

**MEMORANDUM OPINION AND ORDER**

By order dated March 14, 2011, this matter has been transferred for the conduct of all further proceedings and the entry of judgment. Before the Court is *United States of America's Motion for Summary Judgment & Brief in Support*, filed June 29, 2011 (doc. 13), and *Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment and Brief in Support*, filed July 20, 2011 (doc. 15). Based on the relevant filings, evidence,[1] and applicable law, the defendant's motion to strike is **DENIED**, and the plaintiff's motion for summary judgment is **GRANTED**.

**I. BACKGROUND**

The United States of America (the government) filed this action against taxpayer Erwin Denton Jones (Defendant), seeking to reduce to judgment his federal income tax liability for tax year 1999. (*See* doc. 1.) Defendant contends that the government is barred from filing its complaint because the statute of limitations for collections expired on July 16, 2010. (*See* doc. 7.)

---

[1] The United States has attached new evidence to its reply in support of its motion for summary judgment, but did not seek leave to file new evidence. Because allowing the evidence would deprive Defendant of a meaningful opportunity to respond, the evidence has not been considered. *See Spring Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (Fitzwater, J.) ("where a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response, the court still retains the discretion to decline to consider them").

Defendant and his wife filed their federal income tax return for tax year 1999 on April 15, 2000, stating that they owed $866,043 in taxes, plus an additional $41,591 in estimated tax penalties. (Mot. App. at 2, 8.) On May 22, 2000, the Internal Revenue Service (IRS) assessed unpaid income taxes, penalties, and interest against them for tax year 1999. (*Id.*) On November 15, 2000, the IRS served them with a Notice of Intent to Levy for unpaid tax liabilities for tax years 1998 and 1999. (*Id.* at 2, 9.) On December 14, 2000, Defendant and his wife timely filed a Form 12153, requesting a Collection Due Process (CDP) hearing for tax years 1998 and 1999. (*Id.* at 9.)  The IRS assigned its settlement officer, Scott Biggs, to handle their request for a CDP hearing. (*Id.* at 8-9.)  On January 11, 2001, the settlement officer sent them and their agent, J. David Bass,[2] a letter requesting that they contact him by January 25, 2001, to schedule a conference. (*Id.*)

On January 25, 2001, the settlement officer received a letter from the agent, stating that Defendant and his wife were withdrawing their request for an appeal and a CDP hearing for tax years 1998 and 1999. (*Id.* at 9.)  The same day, the settlement officer faxed them Form 12256, Withdrawal of Request for Collection Due Process Hearing, requesting that they complete and sign the form. (*Id.* at 9-10, 13, 16.)  On February 2, 2001, he left the agent a voice message requesting that he call him regarding Form 12256. (*Id.* at 10, 13.)  On February 4, 2001, IRS processed the request to withdraw the CDP hearing. (Resp. App. at 1, 4.)  On February 7, 2001, the agent called the settlement officer and stated that he was hesitant to have Defendant and his wife withdraw their request for a CDP hearing. (Mot. App. at 10, 13.)  He explained that he wanted to wait until he had a written agreement from Revenue Officer Shirley Grizzle, with whom he had been working to resolve Defendant and his wife's tax liabilities, on their proposed resolution for tax year 1999. (*Id.*)

---

[2]  Mr. Bass possessed a power of attorney from Defendant and his wife.

2

Their plan was to become current on estimated payments for tax year 2000, and then enter into an installment agreement with the revenue officer for tax year 1999. (*Id.*) The settlement officer agreed to suspend the CDP hearing for 2 weeks to see if Defendant and his wife could reach a resolution with the revenue officer. (*Id.*)

The settlement officer or the IRS never received a Form 12256 signed by Defendant and his wife. (*Id.* at 10.) On March 13, 2001, the settlement officer held a hearing with Defendant. (*Id.* at 10, 13.) Defendant stated at the hearing that he and his wife desired an installment agreement, rather than a levy, to pay the 1999 income tax liability. (*Id.*) The settlement officer asked their agent to decide whether he wanted to withdraw the request for the CDP hearing and continue working with the revenue officer, or continue with the CDP hearing. (*Id.*) The agent stated that Defendant and his wife wanted to continue with the CDP hearing, and the hearing went forward. (*Id.*) On April 26, 2001, Defendant and his wife provided the settlement officer with a Form 433-A, Collection Information Statement for Individuals, and a Form 433-B, Collection Information Statement for Businesses, so he could evaluate their proposed installment agreement. (*Id.* at 11, 17.)

On August 20, 2001, the settlement officer received a proposed installment agreement in which Defendant and his wife agreed to pay the "federal taxes, plus all penalties and interest provided by law" for tax year 1999, which totaled $1,144,267.78, as of August 16, 2001. (*Id.* at 11, 18-21.) The IRS accepted the proposed installment agreement as a collection alternative to levy, and on August 22, 2001, the settlement officer prepared a Form 12257, Summary Notice of Determination, Waiver of Right to Judicial Review of a Collection Due Process Determination, and Waiver of Suspension of Levy Action ("Summary Notice of Determination"), incorporating the terms of the Installment Agreement. (*Id.* at 11, 19-21.) On August 24, 2001, he sent Defendant, his

3

wife, and their agent, approved copies of the Summary Notice of Determination and the Installment Agreement. (*Id.* at 11, 18-21.) Defendant and his wife only made one payment under the Installment Agreement. (*Id.* at 12.) In 2005, the IRS granted Defendant's wife innocent spouse relief with respect to the 1999 tax liability. (*Id.* at 3, 8.)

On November 18, 2010, the government filed its complaint against Defendant. On June 29, 2011, it filed its motion for summary judgment. Defendant responded to the summary judgment motion on July 20, 2011, but also moved to strike it on grounds that the factual allegations in it were not supported by valid summary judgment evidence. The summary judgment motion and the motion to strike are both ripe for determination.

## II. MOTION TO STRIKE

Defendant moves to strike the motion for summary judgment and brief in support on grounds that the factual allegations in it are not supported by valid summary judgment evidence. Specifically, he objects to language in paragraphs 2, 6, 7, 8, 9, 11, and 12 of settlement officer Bigg's declaration in support of the summary judgment motion.

### A.  Paragraph 2

The second sentence in paragraph 2 of the declaration states: "In 2005, Mrs. Jones was granted innocent spouse relief with respect to the tax liability for tax year 1999."

Defendant objects that the declarant does not have personal knowledge of this fact. Rule 602 of the Federal Rules of Evidence states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Personal knowledge may be proved by a witness' or an affiant's own testimony, or reasonably inferred from his position or the nature of his participation in the matters to which he

4

swears. *See id.*; *Am. Motorist Ins. Co. v. Southcrest Constr. Inc.*, 2006 WL 995202, at *9 (N.D. Tex. 2006) (citing *DIRECTV v. Budden*, 420 F.3d 521, 529-30 (5th Cir. 2005)). It may include inferences and opinions so long as they are grounded in personal observation and experience. *See United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999). Here, the declarant avers that he has worked for the IRS for over 23 years, has been a settlement officer since 2003, and was assigned to handle the request for a CDP hearing submitted by Defendant and his wife. Based on his position with IRS, and his role in handling the request, the declarant has the requisite personal knowledge to make the statement at issue. Defendant's objection is overruled.

Defendant also objects that the statement is not relevant to the statute of limitations issue in this case. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Conceding that Mrs. Jones's innocent spouse relief is not directly relevant to Defendant's tax liability, the government responds that her innocent spouse relief affects the documents relating to his tax liability, because after it was granted, the IRS created separate assessments for the Joneses and abated their joint assessment. It explains that certain IRS documents, including one of the exhibits in support of its motion, show Defendant's liability as zero since they refer to the abated joint assessment. Given this explanation, Mrs. Jones's innocent spouse relief is relevant, and Defendant's objection to it is overruled.

**B. Paragraph 6**

The second sentence in paragraph 6 of the declaration states: "However, according to section 5.19.8.4.1.4(4) of the Internal Revenue Manual, I could not withdraw their request for a CDP hearing until the Joneses had submitted a signed and completed Form 12256, Withdrawal of Request

5

for Collection Due Process or Equivalent Hearing."

Defendant objects that this statement is an improper conclusion of law because the Treasury Regulations, and not the Internal Revenue Manual, are controlling. The government responds that this testimony is meant to provide a full account of the factual circumstances surrounding the CDP hearing and to explain its multiple attempts to secure a Form 12256 from the Joneses. It also points out that its summary judgment motion specifically notes that the Internal Revenue Manual provisions are directory rather than mandatory and cites Treasury Decision 8980 for the law regarding the suspension of the statute of limitations. Given these arguments, Defendant's objection to the second sentence of paragraph 6 is overruled.

## C. Paragraph 7

Paragraph 7 of the declaration states, "I faxed a Form 12256 to Mr. Bass on January 25, 2011 requesting it be signed. Attached to this Declaration as Exhibit B is a true and correct copy of the Form 12256 used by the IRS in 2001."

Defendant objects that the testimony in this paragraph is irrelevant. The testimony relates to the factual circumstances surrounding the CDP hearing, and along with other testimony, explains the factual circumstances showing whether or not the Joneses' had withdrawn their request for the CDP hearing. As discussed below, this issue is directly relevant to the statute of limitations issue in this case. Defendant's relevancy objection is overruled.

Defendant also objects that the government has offered no proof that the form was sent to him. This objection is without merit because the declaration itself is proof that the settlement officer sent the form and is further supported by an entry in his Appeals Case Activity Record, which the government offers as Exhibit 2. Defendant's second objection to paragraph 7 is overruled as well.

6

**D. Paragraph 8**

The second, third, and fourth sentences of Paragraph 8 in the declaration state:

On February 7, 2011, Mr. Bass called me and stated that he was hesitant to have Mr. and Mrs. Jones withdraw their request for a CDP hearing until he had a written agreement from Revenue Office Shirley Grizzle, with whom Mr. Bass and the Jones had been working to resolve the tax liabilities, on Mr. and Mrs. Jones' proposed resolution of tax year 1999. During this telephone call, Mr. Bass informed me that Mr. and Mrs. Jones had already paid their 1998 income tax liability and they were trying to become current on their estimated payments for tax year 2000. Mr. Bass stated that after they had done so, Mr. and Mrs. Jones intended to enter an installment agreement with RO Grizzle for tax year 1999.

Defendant objects that these statements are impermissible hearsay because the declarant is testifying to the comments of Mr. Bass, a third party. As pointed out by the government, Mr. Bass had a power of attorney from Defendant and his wife, and was their agent in 2001 with respect to tax years 1998 and 1999. (Mot. App. at 9.) The testimony related to his statements is therefore not hearsay because it concerns admissions by a party opponent, made through his agent concerning a matter within the scope of that agency. *See* Fed. R. Evid. 801(d)(2); *see also Vessio v. Commissioner*, 59 T.C.M. (CCH) 495, at *20 (1990) (statements of an accountant were admissible as that of a party opponent's agent because he possessed a power of attorney empowering him to represent petitioner before respondent with respect to petitioner's federal income tax liability). Defendant's hearsay objection is overruled.

**E. Paragraph 9**

 1. <u>Sentences 1 and 2</u>

The first and second sentence of paragraph 9 of the declaration state: "I never received a Form 12256 signed by Mr. and Mrs. Jones. The IRS has no record of ever receiving a Form 12256 for tax year 1998 or 1999 from Mr. or Mrs. Jones."

7

Defendant objects that these statements are irrelevant. These statements are relevant to the issue of whether or not the Defendant and his wife rescinded their withdrawal and continued with their CDP hearing. This in turn is directly relevant to whether, and for how long, the statute of limitations should be suspended. The relevancy objection is overruled.

Defendant also objects that the government has not provided proof that a Form 12256 was provided to him or that any form was required. As discussed above, the declarant himself states that he faxed a Form 1226 to Defendant and his wife through their agent, and the statement is supported by his entry in Appeals Case Activity Record offered as Exhibit 2. Defendant's second objection is overruled as well.

Defendant states that declarant admits he received a letter from him requesting withdrawal of the CDP. Defendant does not explain how this makes the statements at issue objectionable and inadmissible. To the extent Defendant's statement constitutes an objection, it is overruled.

2. <u>Sentence 7</u>

The seventh sentence of paragraph 9 of the declaration states: "Mr. Bass stated that since they had no formal agreement with RO Grizzle, they wanted to continue the CDP hearing."

Defendant objects that the testimony regarding Mr. Bass's statement should be stricken as hearsay. The testimony is not hearsay because it concerns admissions by a party opponent. *See* Fed. R. Evid. 801(d)(2). Defendant's hearsay objection to paragraph 9 is overruled.

**F. Paragraph 10**

Paragraph 10 of the declaration states:

Mr. and Mrs. Jones continued with the CDP hearing by providing me Form 433-A (Collection Information Statement for Individuals) and 433-B (Collection Information Statement for Businesses) so that I could evaluate their proposed installment agreement. Attached to this Declaration as Exhibit C is a true and correct

> copy of a letter dated April 26, 2001, which I received from Mr. Bass enclosing Forms 433-A and 433-B for Mr. and Mrs. Jones. For privacy reasons, the Form 433-A and 433-B and the financial records provided by the Jones are not included in Exhibit C.

Defendant objects that this paragraph is irrelevant because the government has offered no evidence as to how it pertains to the statute of limitations issue. The testimony is relevant to the issue of whether the Joneses rescinded their withdrawal of the request for a CDP hearing and continued with it. Defendant's relevancy objection is overruled.

Defendant also objects that the government has not provided him and the court with Form 433-A and Form 433-B. The government responds with evidence showing that it produced the forms to counsel for Defendant on January 25, 2011. It explains that it did not attach the forms as evidence to protect the privacy of Defendant and his wife. Given this information, Defendant's objection is overruled.

### G.  Paragraph 11

> Paragraph 11 of the declaration states:
>
> On August 20, 2011, I received a Form 433-D signed by Mr. and Mrs. Jones and their installment agreement processing fee. The Form 433-D provided that the amount the Jones' proposed Installment Agreement as a collection alternative to levy and I prepared a Form 12257, Summary Notice of Determination, Waiver of Right to Judicial Review of a Collection Due Process Determination, and Waiver of Suspension of Levy Action, incorporating the terms of the Installment Agreement. This formally closed the CDP hearing on August 22, 2001.

Defendant objects that the testimony in this paragraph is irrelevant. However, this evidence bears on an issue to be resolved – whether Defendant and his wife rescinded their withdrawal and continued with the CDP hearing. The testimony relates to the factual circumstances surrounding the request and the subsequent withdrawal of CDP hearing, specifically the documents that they executed before the IRS made its determination. The relevancy objection is overruled.

Defendant also complains that the government has not attached a signed Form 433-D to the affidavit, and that the attached Form 433-D and Form 12257 are standard boiler plate forms that were provided after the fact for him to sign.  He argues that he was only negotiating an installment agreement with the government.  The attached forms are not standard boiler plate forms, however, and include information specific to Defendant and his wife, such as their names, addresses, type of tax, tax period, the type of CDP hearing notice, and the terms they negotiated during their CDP hearing.  Defendant has not explained how the lack of a signature on Form 433-D serves as a basis to strike the testimony.  Additionally, the declarant testifies based on personal knowledge that he received the signed version.  Defendant's objections are therefore overruled.

Defendant further disagrees with the assertion that a CDP was conducted.  This objection refers to the last sentence of the paragraph about the formal closure of the CDP hearing.  The objection to the last sentence is overruled as moot because it has not been considered.  *See Continental Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 984690, at *1 n.6 (N.D. Tex. Apr. 14, 2006) (overruling as moot objections to evidence that was not considered by the court in deciding motion for summary judgment).

**H.  Paragraph 12**

Paragraph 12 of the declaration states: "Attached to this Declaration as Exhibit D is a true and correct copy of a letter dated August 24, 2001, I sent Mr. and Mrs. Jones and Mr. Bass in which I enclosed approved copies of Form 12257, Summary Notice of Determination, Waiver of Right to Judicial Review of a Collection Due Process Determination, and Waiver of Suspension of Levy Action, and Form 433-D, Installment Agreement."

Defendant objects that the testimony in this paragraph is irrelevant. Again, this testimony

bears on whether he and his wife rescinded their withdrawal and continued with the CDP hearing. The testimony relates to the factual circumstances surrounding the request and the subsequent withdrawal of CDP hearing, specifically the documents that he and his wife executed before the IRS made its determination. The relevancy objection is overruled.

Defendant also objects that the attached Form 433-D and Form 12257 are standard boiler plate forms, which do not support his assertion that a CDP request was withdrawn by his letter dated January 24, 2001. The evidence provided by the government does not have to support the assertions made by Defendant to be admissible, however. The evidence is relevant as to whether or not Defendant and his wife rescinded their withdrawal of the CDP request. Defendant's objection is overruled.

Since all of Defendant's objections are overruled, his motion to strike Plaintiff's motion for summary judgment and brief in support is **DENIED**.[3]

### III. MOTION FOR SUMMARY JUDGMENT

The government moves for summary judgment against Defendant for unpaid income tax liabilities for tax year 1999 totaling $ 1,949,727.91, as of July 31, 2011. It argues that it is entitled to collect on the tax liabilities outside the ten-year statute of limitations for collection because the CDP hearing extended the statute by 251 days. The government essentially argues that even though Defendant withdrew his request for the CDP hearing in writing, he rescinded that withdrawal and

---

[3] Even if some of the objections were sustained, only the objectionable material would be stricken from the record, and not the whole motion and brief in support, as is suggested by the motion's title. *See Williamson v. U.S. Dep't of Agriculture*, 815 F.2d 368, 383 (5th Cir. 1987) ("it is well settled that on a motion for summary judgment a court will disregard only the inadmissible portions of a challenged affidavit offered in support of or opposition to the motion and will consider the admissible portions in determining whether to grant or deny the motions."); *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992) (holding that the district court erred in striking the entire affidavit, but instead should have disregarded only the inadmissible portions of the challenged affidavit).

decided to proceed with the hearing.  Defendant does not dispute the amount of the tax liability but contends that the statute of limitations for collection has run because he unambiguously withdrew his request for a CDP hearing.

**A.  Summary Judgment Standard**

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*.  The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent,

*id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

**B. Income Tax Liability for the Year 1999**

The government first argues that Defendant owes the amount of $1,949,727.91, as of July 31, 2011, for his unpaid income taxes for tax year 1999. It presents evidence showing that Defendant's tax liability is based on the amount of taxes he stated he owed in his tax return year of 1999, i.e., $866,043 – plus penalties and interest provided by law since April 15, 2000. (Mot. App. at 8.) It also presents evidence showing that Defendant signed a Summary Notice of Determination, agreeing to pay the "federal taxes, plus all penalties and interest provided by law" for tax year 1999, which totaled $1,144,267.78, as of August 16, 2011. (Mot. App. at 18-21.) It correctly points out that a tax assessment by the government is entitled to a legal presumption of correctness and that the taxpayer has the burden to prove by a preponderance of evidence that the determination was erroneous. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242-43 (2002); *United States v. Lochamy*, 724 F.2d 494, 497-98 (5th Cir. 1984) (quoting *Carson v. United States*, 560 F.2d 693, 696 (5th Cir. 1977)). The government has met its summary judgment burden.

13

The burden now shifts to Defendant to show that there is a genuine issue of material fact with respect to the government's assessment. In his answer to the government's complaint, Defendant disputes the amount of the liability alleged, but has presented no evidence in his response to the summary judgment motion showing that the government's determination is erroneous. He has therefore failed to meet his summary judgment burden to identify a genuine issue of material fact with respect to the amount he owes to the government for tax year 1999.

**C. Statute of Limitations for Collections**

The government next argues that its action on the tax liability for tax year 1999 is not barred by the applicable statute of limitations. The statute of limitations applicable here is the one set forth in 26 U.S.C. § 6502(a)(1) which provides that the government has ten years from the date of the tax assessment to institute a proceeding in court to collect the amount determined in the assessment. *See id.*; *United States v. Warden*, 59 F.3d 1242, 1242 (5th Cir. 1999). Where a taxpayer timely makes a written request for a CDP hearing after the assessment, the statute of limitation is suspended for a "period during which such hearing, and appeals therein, are pending." *See* 26 U.S.C. § 6330(e)(1); *Perez v. United States*, 2001 WL 1399229, at *2 (W.D. Tex. Sep. 20, 2001). The suspension begins on the date the IRS receives the taxpayer's written request for a CDP hearing and continues until the IRS receives a written withdrawal by the taxpayer of the request for the CDP hearing, or "the determination resulting from the CDP hearing becomes final by expiration of the time for seeking judicial review or the exhaustion of any rights to appeals following judicial review." *See* Treas. Reg. § 301.6330-1(g)(1); T.D. 8980 Q&A-G1, 2002-6 I.R.B. 477. In no event can the limitations period expire before the ninetieth day after the day of a final determination of the hearing. *See id.*

Here, the evidence presented by the government shows that the IRS assessed the 1999 tax liability on May 22, 2000,[4] and Defendant and his wife timely requested a CDP hearing on December 14, 2000. On January 25, 2001, the IRS settlement officer received a written withdrawal of that request from their agent, and requested them to complete a form for withdrawing a request for a CDP hearing. On February 2, 2001, the settlement officer left a message with their agent regarding the form. The agent told the settlement officer on February 7, 2001, that he was hesitant to withdraw the request and wanted to wait until he had a written agreement from the revenue officer he had been working with to resolve the tax liabilities at issue. The settlement officer agreed to suspend the hearing for two weeks. Since he did not receive the completed form from Defendant and his wife, he held a hearing on March 13, 2001. The officer asked the agent to decide whether he wanted to withdraw the request for the CDP hearing and continue working with the revenue officer, or continue with the CDP hearing. The agent opted for the latter. On August 22, 2001, the settlement officer issued a notice of determination along with a waiver of Defendant and his wife's right to judicial review of the CDP determination.

Under the government's version of events, the statute of limitations was suspended from December 14, 2000, when Defendant and his wife requested a CDP hearing, to August 22, 2001, when the settlement officer issued a notice of determination along with a waiver of their right to judicial review of the CDP determination. Even though they withdrew the request in writing on January 25, 2001, their agent rescinded the withdrawal on February, 2001, thereby resuscitating their

---

[4] Defendant contends that the date of assessment is April 15, 2001, because the date of assessment for timely filed returns is deemed the due date of the return under 26 U.S.C. §§ 6501(b)(1) and 7502(a)(1). This contention is unavailing because "[t]he law is well established that the filing of a return does not constitute the assessment of the tax." *Remington v. United States*, 210 F.3d 281, 284 (5th Cir. 2000). "I.R.C. § 6502(a)(1) makes clear that it is the 'assessment' itself that, once made, starts the running of the ten year period within which the IRS can commence efforts to *collect* an assessed tax." *Id.* (emphasis in original)

request for a CDP hearing on December 14, 2000. The treasury regulations provide that the suspension continues until the IRS receives a written withdrawal by the taxpayer of the request for the CDP hearing *or* "the determination resulting from the CDP hearing becomes final." *See* Treas. Reg. § 301.6330-1(g)(1); *see also* T.D. 8980 Q&A-G1, 2002-6 I.R.B. 477. The ten-year statute of limitations was suspended for 251 days, and extended to January 15, 2011 as follows:

| | |
|---|---|
| Original assessment of tax year 1999 | May 22, 2000 |
| plus 10 years on original collection statute | May 22, 2010 |
| plus 251 days due to the CDP hearing for tax year 1999 | January 28, 2011 |

Since the government filed its complaint on November 18, 2010, the complaint was timely-filed. By presenting evidence showing that its complaint is not time-barred, the government has met its summary judgment burden.

The burden now shifts to Defendant to create a genuine material fact issue for trial as to the timeliness of the government's complaint. Defendant does not dispute the sequence of events presented by the government with his own evidence, but presents evidence showing that IRS processed his request to withdraw the CDP hearing on February 4, 2001. (Resp. App. at 1, 4.) He argues that once he submitted his written withdrawal, he converted any ensuing discussions and the subsequent hearing to reach an installment agreement into an "equivalent hearing." Under the regulations, if a taxpayer fails to timely request a CDP hearing, he may be entitled to an "equivalent hearing," but only if he specifically requests the equivalent hearing in writing. *See* Treas. Reg. § 301.6330-1(i)(1); IRM 5.19.8.4.3. The equivalent hearing is equivalent to a CDP hearing in all respects except that there is no statute suspension, no retained jurisdiction, and the taxpayer does not have the right to seek review of the Appeals decision. IRM 5.19.8.4.3. Following an equivalent hearing, the appeals officer sends the taxpayer a decision letter, as opposed to a notice of

16

determination. *See id.* Here, Defendant failed to present any evidence that he filed a written request for an equivalent hearing, or to dispute the government's evidence that his agent rescinded the written withdrawal on February 7, 2001, and later confirmed that rescission on March 13, 2001. Because Defendant has failed to dispute the government's properly supported sequence of events with his own evidence, he has failed to create a genuine issue of material fact as to the timeliness of the government's complaint.

Even assuming that the events following the written withdrawal on January 25, 2001, constituted an equivalent hearing instead of a CDP hearing, Defendant is barred by the "duty of consistency" from making that assertion. The duty of consistency also known as quasi estoppel, is a type of estoppel, developed in tax cases. *Herrington v. Commissioner of Internal Revenue*, 854 F.2d 755, 757 (5th Cir. 1988). It "prevents a taxpayer from taking one position one year, and a contrary position in a later year, after the limitations period has run in the first year." *Id.* "The elements of the duty of consistency are: (1) a representation or report by the taxpayer; (2) on which the Commission[er] has relied; and (3) an attempt by the taxpayer after the statute of limitations has run to change the previous representation or to recharacterize the situation in such a way as to harm the Commissioner." *Id.* at 758. "If this test is met, the Commissioner may act as if the previous representation, on which he relied, continued to be true, even if it is not. The taxpayer is estopped to assert the contrary." *Id.*

Here, all of the requirements for the duty of consistency are met. In 2001, Defendant represented through his agent that he wanted to continue with the CDP hearing related to his tax liability for tax year 1999. The IRS relied on this representation and gave Defendant the benefit of a CDP hearing for 5 months. Rather than levy on their assets, the IRS accepted their proposed

17

installment agreement. Only after the statute of limitations expired did Defendant argue that he withdrew his request for a CDP hearing, thereby recharacterizing the situation in such a way as to harm the IRS. Defendant cannot treat the hearing related to the tax year 1999 as a CDP hearing thereby causing IRS to rely on that representation, and contend after the statute of limitations has run that the CDP hearing was in fact an equivalent hearing that does not toll the statute of limitations.

Defendant argues that the doctrine of consistency only applies in situations where the taxpayer is taking a contrary position in an effort to escape taxes in future tax periods and is not applicable here because only one tax year, 1999, is at issue. While it is true that many of the cases in which the duty of consistency is applied involve inconsistent representations made by taxpayers on their returns for different tax years, the duty is flexible and has been applied in other similar situations. *See e.g. Stearns v. United States*, 291 U.S. 54 (1934) (duty of consistency applied where taxpayer signed a waiver of the period of assessment and collection of taxes, and then asserted that the statute of limitations acted as a bar when the Commissioner finally acted ); *see also Shanafelt v. United States*, 1997 WL 810907, at *4 (D. Or. Oct. 8, 1997) (citing other examples and stating that "[t]he duty of consistency is not narrowly confined to information on a specific item carried on sequential tax returns"). The duty of consistency applies here and Defendant is barred from asserting that the hearing at issue was in fact an equivalent hearing.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to strike is **DENIED**, and the government's motion for summary judgment is **GRANTED**. Summary judgment is rendered against Defendant for unpaid income tax liabilities for tax year 1999 totaling $1,949,727.91, as of July 31, 2011.

**SO ORDERED** on this 1st day of November, 2011.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE